MADDOX, Justice.
The issue presented by this appeal, prosecuted by the appellant pro se, involves the propriety of a summary judgment entered against him as defendant in an eviction action, which arose out of the execution upon a judgment entered pursuant to a jury verdict in a case in which the appellant was the defendant. See Williams v. Crandell, 514 So.2d 1267 (Ala.1987), a wrongful death action arising out of an accident allegedly caused by Williams.
The appellee, Price, filed a motion for summary judgment and attached thereto the following affidavit, which sets forth the facts surrounding this controversy.
“Affidavit in Support of Motion for Summary Judgment
“Before me, the undersigned, a Notary Public in and for the State of Alabama at Large, personally appeared Douglas C. Martinson, Esq., who being personally known to me and being by me first duly sworn, doth depose and state, as follows:
“My name is Douglas C. Martinson. I am an attorney, duly licensed to practice law in the State of Alabama.
“I represent Walter J. Price, Jr., as Administrator of the Estate of Kathy Gullett Smith, Deceased. On January 16, 1986, a jury verdict in the amount of $500,000.00 was awarded in favor of Walter J. Price, Jr., as Administrator of the Estate of Kathy Gullett Smith, Deceased, as Plaintiff, and against Rudolph V. Williams, as Defendant, in the Circuit Court of Madison County, Alabama, in Civil Action No. CV85-379P, a wrongful death action arising out of a drunk driving related wreck for which Rudolph V. Williams served one year in jail because of the death of Mrs. Smith. The verdict was upheld by the Supreme Court of Alabama.
“Rudolph V. Williams was the owner of certain real estate located at 5040 Grizzard Road, more particularly described as Lot 11, Block 1, according to the map of survey of Highland village, Third Addition, Huntsville, Alabama, as recorded in Plat Book 4, Page 62, Probate Records of Madison County, Alabama, said property having been deeded to him by deed recorded in Deed Book 562, Page 356, Probate Records of Madison County, Alabama, on February 26, 1979. On January 9, 1986, after the occurrence of the wreck, Rudolph V. Williams executed a fraudulent conveyance transferring this property from Rudolph V. Williams and wife, Patricia A. Williams, to [wife, Patricia A. Williams], which deed was recorded in Deed Book 666, Page 230, Probate Records of Madison County, Alabama. A lawsuit was filed concerning the fraudulent conveyance, and the matter was settled when the same property was deeded back to Rudolph V. Williams, by Rudolph V. Williams and wife, Patricia A. Williams, by deed recorded in Deed Book 667, Page 497, Probate Records of Madison County, Alabama.
“On October 13, 1987 an execution request was filed with the Clerk of the Circuit Court of Madison County, Alabama, and a Notice of Levy was issued by Sheriff Joe W. Patterson on October 19, 1987 against the property located at 5040 Grizzard Road.
“Rudolph Y. Williams filed a Claim of Exemption and the Plaintiff filed a contest of Purported Claim of Exemption, and Affidavit of Attorney for the Plaintiff. On November 3, 1987, Judge William D. Page signed an Order overruling and denying the claim of exemption of Rudolph V. Williams.
“On January 25, 1988, a Sheriff’s Sale was conducted, after having been duly advertised in the Huntsville News on December 21 and 28, 1987 and January 4, 1988. At said Sheriffs Sale, the property was purchased by Walter J. Price, Jr., as Administrator of the Estate of Kathy Gullett Smith, Deceased for the sum of $25,000.00 as a credit to the Judgment which had been rendered in CV85-379P. On February 24, 1988, a Sheriffs Deed *864 was recorded in Deed Book 710, Page 1069, Probate Records of Madison County, Alabama conveying the above referenced property to Walter J. Price, Jr., as Administrator of the Estate of Kathy Gullett Smith, deceased.
“On March 10 and April 25, 1988, notices were sent to Rudolph V. Williams advising him that his possessory interest in the sale property had been terminated by virtue of the Sheriffs Sale and the subsequent issuance of ‘the Sheriff’s Deed, and on May 3, 1988 a notice to vacate the premises was sent to Rudolph V. Williams and Patricia Williams.
“When Rudolph V. Williams and Patricia Williams refused to voluntarily vacate the premises, an Eviction action was filed in the District Court of Madison County, on May 25, 1988, in DV88-1105.
“On June 6, 1988, Rudolph V. Williams and Patricia Williams filed a Counter-Affidavit in the Eviction action.
“On June 14, 1988 a hearing was held before Judge Dwight Fay concerning the Eviction and the Counter-Affidavit of the Williamses. After hearing the facts of the case, Judge Fay entered a Judgment ordering Rudolph V. Williams and Patricia Williams to vacate the premises.
“On June 16, 1988, Rudolph V. Williams and Patricia Williams filed a Notice of Appeal from District Court to Circuit Court of the Eviction action.
“The right of redemption of Rudolph Y. Williams has been forfeited by his failure to vacate the premises after receiving a ten-day notice to vacate, after the execution of the Sheriffs Deed.
“The Plaintiff, Walter J. Price, Jr., as Administrator of the Estate of Kathy Gullett Smith, Deceased, is entitled to be awarded possession of the house and lot located at 5040 Grizzard Road, NW, Huntsville, Alabama, and more particularly described as Lot 11, Block 1, according to the map of survey of Highland Village, Third Addition, Huntsville, Alabama, as recorded in Plat Book 4, Page 62, Probate Records of Madison County, Alabama.
“Patricia Williams is the wife of Rudolph V. Williams. Patricia Williams is occupying the premises with the consent of Rudolph V. Williams. Patricia Williams has no right of possession and has not been granted any rights to continue living on said real property by the Plaintiff.
“Neither of the Defendants have a counterclaim or claim by way of setoff against the Plaintiff in this matter.
“s/Douglas C. Martinson”
Appellant Williams filed a counter-affidavit, which alleged as follows:
“Counter-Affidavit
“1. We should not be evicted from our home because we own this home and are the rightful owners. We are paying on this home and the payments are current and up to date. We feel we are by our constitutional right not to be evicted from our home and put out in the street. We are American Citizens. Our home is homestead each year for our living use. “2. We have not broken any contract with our home.
“s/Rudolph W. Williams
“s/Patricia D. Williams
“5040 Grizzard Rd.
“Huntsville, AL 35810”
Even though the appellant’s brief fails to comply with the requirements of the Alabama Rules of Appellate Procedure, we have reviewed the transcript that was filed in this Court, and after a review of that transcript we are convinced that the summary judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.